[Civ. No. 17027.   Second Dist., Div. Three.   Mar. 2, 1950.]

SHERIDAN A. STOWELL et al., Appellants, v. ALICE
ANNA FITCH et al., Defendants; CAMBRIDGE COM-
PANY, Respondent.

Walter G. Lincoln for Appellants.

W. L. Pollard for Respondent.

SHINN, P. J.—Sheridan A. Stowell and Clara W. Stowell instituted the present action for an accounting against Alice Anna Fitch, Cambridge Company, the Corona Development Company and Vitruvian Company, corporations, and Wilhelmina E. Stowell. It was alleged that in 1941, plaintiffs, Alice Anna Fitch and Cambridge Company, entered into an agreement with Corona Development Company and Wilhelmina E. Stowell, by the terms of which Corona agreed to collect certain claims and to pay over to each of the plaintiffs, to Alice Anna Fitch and Cambridge Company, one-fourth of any "net profits received from such collections, endeavors or transactions described in said written agreement"; it was also alleged that Wilhelmina E. Stowell owned more than 90 per cent of each of the three corporations which were used by her in her private enterprises; that defendant Stowell presented an accounting in 1944 showing a net income of $2,255.23, but the defendants Corona Development Company and Stowell refused to make a correct accounting or to pay any sums to plaintiffs. The prayer was for payment to plaintiffs of the sum of $2,255.23 and for an accounting. The answer admitted that an accounting was made in 1944 showing a net income of $2,255.23, but alleged that the sum was paid out in taxes and that a correct accounting had been made and that all moneys received by defendants had been used for the same purpose. The three corporate defendants and defendant Stowell filed a cross-complaint, in which the property, the subject of the agreement, was described as consisting of a great many lots in real estate subdivisions in Riverside County. It was alleged that Cambridge Company, as successor in interest of Corona and Vitruvian, acquired title to the property in trust in March, 1943; that it sold all the property and collected under the terms of the trust agreement $30,491.62, and that its charges against the trust for moneys expended and for compensation of Cambridge, as trustee, amounted to $30,940.26, leaving a balance due the trustee of $448.64 and a balance of $500 due to W. L. Pollard for legal services rendered the trustee. The prayer of the cross-complaint was for approval of the account. The answer to the cross-complaint denied the propriety of certain disbursements and denied that Cambridge Company was entitled to compensation for fees and services. It was also alleged that there was certain acreage consisting of 13½ acres in certain blocks, and 19½ acres designated as streets on the various maps, for which no accounting had been

rendered. The findings were that Corona transferred the property to Cambridge Company, in trust, without consideration and without the knowledge of plaintiffs; that the accounting as rendered was full and fair; there remained in the hands of the trustee $148.61; the services of the attorney employed by the trustee were worth $400, $300 of which was unpaid and chargeable to the trust; the "trust estate" (beneficiaries) was indebted to the trustee in the sum of $151.39, and that the trustee, Cambridge Company, was entitled to compensation for services rendered in the sum of $939.83. The judgment awarded plaintiffs their costs against Cambridge Company of $172.50, directed Cambridge Company to pay to itself, as trustee's fee, $939.83, and to W. L. Pollard attorney's fees in the sum of $300, all from trust funds. Cambridge Company was awarded judgment against plaintiffs in the sum of $37.86 each. Plaintiffs appeal upon a clerk's transcript.

The points on appeal are the following: (1) That there were material issues upon which no findings were made; (2) that the findings are contradictory; (3) that Cambridge Company was not entitled to trustee's fees; and (4) that the conclusions of law are not supported by the findings.

■ On the first point it is claimed there should have been findings with respect to the allegations that Wilhelmina E. Stowell owned practically all of the capital stock of the three corporations and controlled the same; "that Cambridge Company owned one-half of said property in its own right"; and that there had been a failure to account for some 23 acres that had been transferred to Cambridge Company. The contention that the findings are deficient with respect to these matters is not substantiated by the record. It was immaterial whether defendant Stowell controlled the three corporations. The finding that Cambridge Company had rendered a full and fair accounting must be construed as relating to all the property held by it as trustee, with respect to which it had a duty to account. ■ Moreover, the evidence has not been brought up on the appeal and even if appellants' pleadings had contained material allegations upon which no findings were made we would have to presume that no evidence was introduced to support them.

■ It is contended that Cambridge Company acquired title as trustee wrongfully, in that it took title without the knowledge of plaintiffs, and was therefore not entitled to compensation. The contention fails for several reasons: (1) Appellants' pleadings did not raise the issue; (2) it will be

presumed, in the absence of evidence to the contrary that Corona Development Company had authority to appoint a successor trustee and (3) it will be presumed there was evidence that appellants accepted the services of Cambridge Company as trustee over a period of years without objection and ratified the appointment, if it needed ratification.

With respect to the other points it is sufficient to say there is no conflict in the findings and that they furnish ample support for the conclusions of law. Judged by familiar rules of law and procedure this is an ill advised appeal. However, since it does not appear to have been taken for the purpose of delay, we shall assume that appellants thought it had merit and are therefore not disposed to penalize them for a frivolous appeal.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.